**EXHIBIT A**

Filed 2/8/12

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUPERIOR READY MIX CONCRETE L.P., a California limited partnership; HEALTHCOMP, a California corporation; BLUE CROSS OF CALIFORNIA, a California corporation; ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE COMPANY, a California corporation; and DOES 1 through 15, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SCRIPPS HEALTH, a California corporation

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2012 FEB -9 P 3:35

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
330 West Broadway
San Diego, California 92101
Central Division

**CASE NUMBER:** *(Número del Caso):*
37-2012-00091894-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Glenn E. Solomon (SBN 155674) Jennifer A. Hansen (SBN 216327)   Tel: 619-744-7300  Fax: 619-230-0987
Hooper, Lundy & Bookman, P.C.
101 West Broadway, Suite 1200, San Diego, California 92101

**DATE:** FEB 0 8 2012    Clerk, by  M. PHAM   , Deputy
*(Fecha)*                 *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Healthcomp, A California Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Pg. 1 of 15

EXHIBIT A

Filed 2/8/12

1  GLENN E. SOLOMON (State Bar No. 155674)
   **HOOPER, LUNDY & BOOKMAN, P.C.**
2  1875 Century Park East, Suite 1600
   Los Angeles, California 90067
3  Telephone: (310) 551-8111
   Facsimile: (310) 551-8181
4  E-Mail: gsolomon@health-law.com

5  JENNIFER A. HANSEN (State Bar No. 216327)
   **HOOPER, LUNDY & BOOKMAN, P.C.**
6  101 W. Broadway, Suite 1200
   San Diego, California 92101-3890
7  Telephone: (619) 744-7300
   Facsimile: (619) 230-0987
8  E-Mail: jhansen@health-law.com

9  Attorneys for SCRIPPS HEALTH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| SCRIPPS HEALTH, a California corporation, | CASE NO. 37-2012-00091894-CU-BC-CTL |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1) **BREACH OF WRITTEN CONTRACT** – (The BCC Contract) |
| SUPERIOR READY MIX CONCRETE L.P., a California limited partnership; HEALTHCOMP, a California corporation; BLUE CROSS OF CALIFORNIA, a California corporation; ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE COMPANY, a California corporation; and DOES 1 through 15, Inclusive, | 2) **BREACH OF IMPLIED CONTRACT** <br> 3) **ESTOPPEL** <br> 4) **DECLARATORY RELIEF** |
| Defendants. | Trial Date:   None Set |

///
///
///
///
///

1109995.2

COMPLAINT

EXHIBIT A
Page 2 of 15

Plaintiff Scripps Health ("Scripps") alleges as follows:

1. This case arises from the failure of Superior Ready Mix Concrete L.P. ("Superior Ready Mix"), HealthComp, Blue Cross of California ("BCC") and/or Anthem Blue Cross Life & Health Insurance Company ("BC Life") to pay Scripps over a hundred thousand dollars owed for life saving trauma care to one of the defendants' insureds. Defendants have denied Scripps' claims based on an exclusion in the insured's policy for care resulting from the illegal use of alcohol. However, the insured's injuries resulted from a car accident in which the insured was a passenger, not the driver, and the exclusion does not apply. Defendants have also denied Scripps' claims on the purported basis that Scripps did not appeal denial of payment in a timely manner. However, Scripps did appeal in a timely manner. Lastly, Defendants have denied Scripps' claims based on an alleged lack of cooperation with the plan. However, Defendants cannot withhold payment based on an alleged refusal to cooperate by the patient. Moreover, no facts indicate that the patient has failed to cooperate with the plan. And Defendants have waived these defenses by not raising such arguments timely.

2. The way the defendants structure their business relationships makes it difficult to identify precisely which one of them is responsible to pay this bill. It currently appears to Scripps that, for this claim, Superior Ready Mix underwrites the insurance, Superior Ready Mix uses HealthComp, BCC and/or BC Life to administer, process and/or pay claims for this patient, and Superior Ready Mix accesses Scripps pursuant to its status as an "Other Payor" under the contract between Scripps and BCC (the "BCC Contract"), which contemplates affiliates like BC Life and other payors like Superior Ready Mix having their obligations for claims processing and payment governed by the BCC Contract. But the defendants are in possession of the superior information necessary to sort out the relationship between them as to which one of them has ultimate responsibility to pay for this claim. Furthermore, regardless of which defendant actually underwrites the insurance for this member, Scripps is informed and believes that each of the defendants played some role in the nonpayment. Therefore, it is necessary to name all of them at this time.

///

1109995.2

COMPLAINT

EXHIBIT A
Pg 3 of 15

## JURISDICTION AND VENUE

3.  This Court has jurisdiction and venue in this case pursuant to California Code of Civil Procedure section 395. As further stated below, the parties incurred the obligation to perform their contractual and legal obligations in San Diego, California. Therefore, pursuant to California Code of Civil Procedure section 395, suit can be commenced in San Diego County. The total amount of damages sought in this action exceeds $25,000 and is within the jurisdiction of this Court. This action also seeks declaratory relief.

## THE PARTIES

4.  Scripps is a non-profit, community-based health care delivery network that is located and does business in San Diego, California. It operates four acute-care hospitals licensed by the California Department of Health Care Services to provide general acute inpatient and outpatient services.

5.  Scripps is informed and believes, and thereon alleges, that Defendant Superior Ready Mix is a limited partnership, and is authorized to conduct and does conduct business in California.

6.  Scripps is informed and believes that defendant HealthComp is a corporation duly organized and existing under the laws of the State of California and is authorized to transact, and is in fact transacting, business in California.

7.  Scripps is informed and believes that defendant BCC is a corporation duly organized and existing under the laws of the State of California and is authorized to transact, and is in fact transacting, the business of insurance in California. Scripps also is informed and believes that BCC now does business as Anthem Blue Cross. Scripps is informed and believes that BCC's principal place of business is in California.

8.  Scripps is informed and believes, and thereon alleges, that Defendant BC Life is a corporation duly organized and existing under the laws of the State of California and is authorized to transact, and is in fact transacting, the business of insurance in California. Scripps is informed and believes that BC Life's principal place of business is in California.

9. Scripps is informed and believes that BCC and BC Life are affiliates of each other, and that they sometimes handle claims processing and/or payment obligations for each other, such that it is not always possible to distinguish when one of these entities is performing for itself versus for the other one of these entities, or for that matter, whether there is any distinction at all in their real world conduct regarding particular claims such as the one at issue in this case.

10. Scripps does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of defendant Does 1 through 15, inclusive, and therefore designate those defendants by such fictitious names. Each of the defendants sued herein as a Doe is legally responsible in some manner for the events and happenings referred to and proximately caused the injuries suffered by Scripps. Scripps will amend this complaint to allege the true names and capacities of these Does when the same becomes known to Scripps.

11. Scripps is informed and believes that at all relevant times each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged was acting within the course and scope of such agency and employment.

## GENERAL ALLEGATIONS

### Blue Cross Entities

12. Scripps is informed and believes, and thereon alleges, that Superior Ready Mix accesses Scripps through the BCC Contract as what is known under the BCC Contract language as an "Other Payor." (Section 2.25.)

13. Health care providers, such as Scripps, enter into contracts to provide services at discounted rates to members of BCC and "BCC Affiliates," including BC Life, Blue Card Payors, and "Other Payors," such as other insurers and employers that contract for the right to obtain the discounted rates in the BCC Contract.

14. Scripps is informed and believes that BCC is licensed by the DMHC to operate as a health care service plan pursuant to the Knox-Keene Health Care Service Plan Act of 1975 ("Knox-Keene Act"), Health and Safety Code, sections 1340, et seq. and the regulations promulgated thereunder.

3
COMPLAINT

EXHIBIT A
Page 5 of 15

15. Scripps is informed and believes that BC Life is licensed by the California Department of Insurance to operate as a health care insurer pursuant to the Insurance Code, sections 10100, et seq. and the regulations promulgated thereunder.

16. Scripps is informed and believe that BCC and BC Life are agents of one another, and have actual or ostensible authority to act on each others' behalf for: certifying or authorizing Scripps' provision of services to members; receiving Scripps' claims; pricing the claims; processing and administering the claims and appeals; approving or denying the claims; directing each other as to whether and/or how to pay the claims; issuing remittance advices and explanations of benefits; and in many instances making payment. BCC and BC Life are collectively referred to herein as "Blue Cross Defendants."

### The BCC Contract

17. Under this BCC Contract, Scripps agreed to provide health care services at discounted rates to members of BCC, BC Life, and what are known as "Other Payors." (Section 2.25.) Scripps is informed and believes that Superior Ready Mix is an Other Payor under the BCC Contract.

18. Scripps is informed and believes that Superior Ready Mix accessed the BCC Contract between BCC and Scripps for the patient at issue here whose claims have not been paid. The BCC Contract provides Scripps is to be reimbursed at specified discounted rates.

19. Scripps is informed and believes that Superior Ready Mix's members and/or their employers pay premiums to the Blue Cross Defendants and/or HealthComp in return for medical coverage that includes coverage for emergency services and care at Scripps through the BCC Contract.

20. Scripps is informed and believes that the patient whose care is at issue here had coverage through a policy issued by Superior Ready Mix, which Superior Ready Mix had administered by HealthComp, BCC and/or BC Life.

///
///
///

### The Patient

21. On May 10, 2008, the Patient[1] presented to the emergency room at Scripps following an automobile accident in which the Patient was seriously injured.

22. Scripps is informed and believes that the Patient was a passenger in the car, and that no one contends the Patient played any role in causing the accident. The Traffic Collision Report states that the Patient was the passenger, not the driver, and the Patient's "injuries were consistent with him being seated in the passengers seat during the collision."

23. The Patient provided Scripps with information indicating he had insurance benefits through one or more of the Defendants and Blue Cross authorized and approved the Patient's stay as medically necessary.

24. Scripps treated the Patient with the understanding it would be paid for services provided to the Patient by whichever one of the Defendants had responsibility for paying under the arrangements between them.

25. The patient received emergency and immediately necessary trauma services and care throughout the stay, and was discharged on May 15, 2008.

26. The Plan provided by Superior Ready Mix provides the following applicable definitions:

> Emergency means a time when you or your Dependent need immediate medical attention because a delay in the treatment would result in your or your Dependent's death, serious Disability or significant jeopardy to your or your Defendant's condition.

27. The patient's total charges for the life saving emergency services rendered by Scripps was $153,135.43. The amount owed pursuant to the BCC contract is $116,382.93.

28. Pursuant to the BCC Contract, whichever one of the Defendants had accepted responsibility among them for ultimately paying these types of claims was obligated to pay Scripps over one hundred thousand dollars for services provided to the Patient.

---

[1] The name, birth date and account number of the Patient has been redacted in accordance with state and federal privacy laws. Scripps has disclosed this information to Defendants directly.

29. On or about May 29, 2008, and in accordance with the BCC Contract, Scripps billed the Blue Cross Defendants for the services that Scripps provided to the Patient.

30. On or about June 18, 2008, HealthComp issued an Explanation of Benefits that denied payment and instructed Scripps to contact Blue Cross, stating: "PER BLUE CROSS CERT DENIED. PLEASE CONTACT BLUE CROSS DIRECTLY."

31. On or about July 2, 2008, the Blue Cross Defendants informed Scripps that Patient's treatment was not covered because Blue Cross had not obtained sufficient information to establish medical necessity.

32. On July 23, 2008, Scripps appealed the denial of coverage.

33. On or about August 25, 2008, the Blue Cross defendants informed Scripps that Patient's treatment was not medically necessary.

34. On or about September 8, 2008, Scripps again appealed the denial of coverage.

35. On or about September 12, 2008, HealthComp requested the Patient's emergency room records and tests to complete processing of the claim, which Scripps provided to HealthComp.

36. On October 16, 2008, Joann of HealthComp confirmed to Carmelita Bernardino of Scripps that HealthComp "Should pay [a specified percentage] = $116,382.93."[2]

37. On or about November 12, 2008, for the first time, HealthComp notified Scripps of a new reason for denial of coverage. HealthComp claimed that the Patient supposedly was ineligible to receive benefits, due to the Plan exclusion for illegal use of alcohol. The exclusion states:

> **Alcohol.** Services, supplies, care or treatment to a Covered Person for an Injury or Sickness which occurred as a result of <u>that Person's illegal use of alcohol.</u>

38. On January 21, 2010, Scripps again appealed the denial of coverage.

---

[2] The contractual rate has been redacted in accordance with confidentiality provisions. Scripps has disclosed this information to Defendants directly.



EXHIBIT A
Page 8 of 15

39. On February 8, 2010, HealthComp's Mandie S. confirmed that the Patient's stay was authorized by Blue Cross, but denied Scripps' appeal based on the Plan's exclusion for illegal use of alcohol.

40. On August 30, 2010, Scripps, through its counsel, again appealed the denial of coverage.

41. On September 23, 2010, HealthComp informed Scripps that "[t]he claim is not being denied as medically unnecessary. The pre-certification remains valid." HealthComp denied Scripps' appeal based on the Plan's exclusion for illegal use of alcohol. In addition, HealthComp, for the first time, claimed that Scripps did not timely appeal the claim.

42. On July 14, 2011, Scripps, through its counsel, provided a copy of the Traffic Collision Report to HealthComp, which identified the Patient as a passenger in the car.

43. On or about July 20, 2011, HealthComp responded to Scripps through correspondence between counsel. In that letter, HealthComp for the first time raised a new reason for denial of coverage. HealthComp claimed that the Patient failed to cooperate with the Plan regarding reimbursement and subrogation rights. HealthComp's letter does not describe any interaction between the Patient and the Plan relating to reimbursement or subrogation rights.

44. Scripps has attempted to collect payment for the claim to no avail and still has not been paid anything by any of the Defendants for the treatment it provided to the Patient.

### FIRST CAUSE OF ACTION

(Breach of Written Contract – All Defendants)

45. Scripps reincorporates each of the above paragraphs as though fully set forth herein.

46. Scripps has performed all the terms and conditions of the BCC Contract, except to the extent the actions and omissions of Defendants frustrated and excused such performance.

47. Defendants have materially breached the BCC Contract by not paying Scripps pursuant to the BCC Contract for services provided to the Patient.

48. There currently exists a total outstanding and unpaid balance of $116,382.93 to

Scripps, plus interest.

49. Defendants have failed to pay Scripps the sums due under the BCC Contract, despite repeated demands for payment.

50. As a direct and proximate result of Defendants' breach of the BCC Contract, Scripps has been damaged in the amount of at least $116,382.93, plus interest.

## SECOND CAUSE OF ACTION

(Breach of Implied Contract – All Defendants)

51. Scripps reincorporates each of the above paragraphs as though fully set forth herein.

52. As stated above, Scripps is informed and believes that the BCC Contract obligates payment by one or more of the Defendants to Scripps. However, if for any reason the BCC Contract does not apply to the services from Scripps, then Scripps is entitled to payment from the Defendants under an implied in law contract, as set forth below.

53. Scripps has provided emergency and immediately necessary trauma services and care to the Patient, who has coverage for health care services from one or more of the Defendants. Scripps' services were emergency services and immediately necessary services to prevent serious bodily harm to or suffering by such person.

54. Scripps is informed and believes that members like the Patient pay premiums to one or more of the Defendants in return for providing and arranging for health care coverage that includes coverage for the services provided by Scripps. In providing services and care to Defendants' members, Scripps intended to and has conferred a benefit on Defendants, by fulfilling Defendants' duties to the Patient. Scripps further provided such services with the reasonable expectation of payment from Defendants.

55. Defendants were legally required to pay Scripps for such services, at a *quantum meruit* rate for such services absent an applicable contract. For example, in *Bell v. Blue Cross of California* (2005) 131 Cal.App.4th 211, 221, the California Supreme Court held that emergency care providers have an "implied-in-law right to recover for the reasonable value of [their]

services."

56. Furthermore, *Bell* also recognized the common law *quantum meruit* right of Scripps to payment from third parties like Defendants who are responsible for the services provided, citing Restatement of Restitution § 114 (1937), entitled the "Performance of Another's Duty to A Third Person in an Emergency" which provides:

> A person who has performed the duty of another by supplying a third person with necessaries, although acting without the other's knowledge or consent, is entitled to restitution from the other therefor if:
>
> (a) he acted unofficiously and with intent to charge therefor, and
>
> (b) the things or services supplied were immediately necessary to prevent serious bodily harm to or suffering by such person.

This common law right applies here regardless of the statutes alleged above.

57. Under the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), Social Security Act § 1867(a), and California Health and Safety Code § 1317, Scripps has a statutory duty to provide emergency services and care to all patients who present themselves at its emergency department with potentially life-threatening conditions.

58. BCC, whose contract Superior Ready Mix accessed here, is regulated by the Department of Managed Health Care ("DMHC") under the Knox-Keene Act. Health and Safety Code § 1371.4(b) of the Knox-Keene Act requires plans to reimburse providers for emergency services.

> A health care service plan . . . shall reimburse providers for emergency services and care provided to its enrollees, until the care results in stabilization of the enrollee . . . . As long as federal or state law requires that emergency services and care be provided without first questioning the patient's ability to pay, a health care service plan shall not require a provider to obtain authorization prior to the provision of emergency services and care necessary to stabilize the enrollee's emergency medical condition.

The BCC Contract also refers to the Knox-Keene Act. (Section 1.1.)

59. Each of these statutes, independently, and collectively, create an implied-in-law contract whereby Scripps was legally required to provide emergency services and care to the Defendants' members.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3880
TEL: (619) 744-7300 • FAX: (619) 230-0987

1109995.2

60. Scripps has provided services and care to the Patient who is a member and insured of Defendants. Scripps' services were immediately necessary to prevent serious bodily harm to or suffering by such persons.

61. Scripps provided health care services to the Patient, and Defendants agreed and were obligated to pay for those services on behalf of the Patient.

62. Scripps has performed all obligations owed to Defendants except those Scripps was prevented or excused from performing by the acts or omissions of Defendants.

63. Defendants breached the parties' implied in law agreement by failing to pay Scripps for the services provided to the Patient.

64. As a direct and proximate result of Defendants' breach, Scripps has been damaged in the amount to be proven at trial, but at least $116,382.93, plus applicable interest. Moreover, if the BCC Contract does not apply here for any reason, then Scripps is entitled to a higher amount of its full billed charges, because absent the discounted rates set forth in the BCC Contract, Scripps is entitled to its full billed charges. Scripps' billed charges are the usual, customary, and reasonable rate services rendered to members of payors that do not have a right to access a contracted rate.

### THIRD CAUSE OF ACTION

(Estoppel – All Defendants)

65. Scripps incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

66. Scripps contacted the Blue Cross Defendants to confirm that the applicable Defendant would reimburse Scripps for the services provided to the Patient.

67. In response to these inquiries, the Blue Cross Defendants represented to Scripps that (1) the patient was verified, and, authorized Scripps to render the medical services to Patient, and (2) that the applicable Defendant would reimburse Scripps for such services. HealthComp's Mandie S. confirmed that the services were authorized.

68. HealthComp and the Blue Cross Defendants intended that Scripps rely upon their

10
COMPLAINT

EXHIBIT A
Page 12 of 15

1  representations, and Scripps did so reasonably rely upon the representations by rendering services
2  to the Patient.

3      69.    On or about October 16, 2008, a representative of HealthComp named Joann
4  informed a representative of Scripps that HealthComp should pay a specified percentage of the
5  billed charges.

6      70.    Scripps is informed and believes, and thereon alleges at no time prior to November
7  12, 2008 did any of the Defendants raise the issue of an alcohol exclusion.

8      71.    Scripps is informed and believes, and thereon alleges at no time prior to September
9  23, 2010 did any of the Defendants raise the issue of timeliness of the appeal.

10      72.    Scripps is informed and believes, and thereon alleges at no time prior to July 20,
11  2011 did any of the Defendants raise the issue of the purported lack of cooperation with the Plan
12  as to subrogation rights.

13      73.    Scripps has been damaged in an amount to be proven at trial, in that it has provided
14  services to the Patient and has not received from the Defendants full and proper payment for such
15  services.

16      74.    Scripps is informed and believes that HealthComp and the Blue Cross Defendants
17  made these representations on behalf of Superior Ready Mix.

18      75.    Defendants should be estopped from refusing to pay the claim, and should be
19  required to make payment on the claim in the full amount represented with interest.

20

### FOURTH CAUSE OF ACTION

**(Declaratory Relief – All Defendants)**

23      76.    Scripps reincorporates each of the above paragraphs as though fully set forth
24  herein.

25      77.    An actual controversy has now arisen and now exists between Scripps, on the one
26  hand, and Defendants, on the other hand, regarding their respective rights and duties relating to the
27  following issues:
28      (1)    Whether Scripps is entitled to payment from each of the Defendants.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

1109995.2

11
COMPLAINT

EXHIBIT A
Page 13 of 15

Scripps contends that it is entitled to payment for this claim from whichever of the Defendants agreed among them to make payment in this situation. Scripps is informed and believe that none of the Defendants currently is accepting responsibility to pay this claim.

(2) Whether Scripps is entitled to be paid immediately. Scripps contends that it is entitled to payment immediately on this claim. Scripps is informed and believes that Defendants believe that payment can be delayed indefinitely, or even denied altogether, in the event that there might be some third party payor who also has liability for some fraction of the amount owed by the Defendants.

(3) How much Scripps is owed for the services rendered from each of the Defendants. Scripps contends that it is owed $116,382.93 under the BCC Contract, plus interest. Scripps is unclear as to whether all of the Defendants are admitting that the BCC Contract applies. To the extent that any of the Defendants contend that the BCC Contract does not apply, then Scripps contends that an amount exceeding this amount is owed.

78. Scripps desires a judicial determination of the respective rights and duties of the parties on each of these issues.

79. A judicial declaration is necessary and appropriate at this time to avoid future damages to Scripps.

80. Scripps requests a judicial declaration as follows:

A. That Superior Ready Mix, HealthComp and/or the Blue Cross Defendants must pay Scripps for these services;

B. That payment must occur immediately, and cannot be delayed any further based on the potential subrogation issue;

C. That the amount owed by Superior Ready Mix, HealthComp, and/or the Blue Cross Defendants for this claim is $116,382.93 (plus pre-judgment interest in an amount to be determined by the Court.)

## PRAYER FOR RELIEF

WHEREFORE, Scripps prays for judgment as follows:

1. For damages payable by the Defendants to Scripps in an amount to be proved at

1. trial, but in no event less than $116,382.93;

2. For prejudgment interest on the unpaid sums in the highest amount that the Court deems appropriate under the applicable law;

3. For a judicial declaration as set forth above in the declaratory relief action;

4. For costs and attorneys fees to the full extent permitted by law; and

5. For such other relief as the Court deems just and appropriate.

DATED: February 6, 2012        HOOPER, LUNDY & BOOKMAN, P.C.

By: _____
JENNIFER A. HANSEN
Attorneys for Plaintiff SCRIPPS HEALTH

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

1109995.2